Battle, J.
 

 We are clearly of opinion that the plaintiff is entitled to recover the infant slave, who was born after the commencement of the action of detinue, in which he had judgment in this Court, against the defendant, for the mother; and that a
 
 scire facias
 
 issued against the defendant, is the proper remedy. It is not denied that in a proper case, the Supreme Court may issue a
 
 scire facias,
 
 as the power to do so is expressly conferred by the 6th section of the 33rd chapter of the Revised Code. The enforcement of one of its own judgments, must be admitted to be a proper case' for the issuing of the writ by the Court, and we shall show presently that the object of the
 
 scire facias,
 
 in the present case, is only to make effectual and complete the enforcement of a judgment,
 
 *268
 
 which it has heretofore rendered. The ease of
 
 Jones
 
 v.
 
 McLaurine,
 
 7 Jones’ Rep. 392, has no bearing upon the present, because ’ that was a
 
 scire faeias
 
 against 'bail, which was an ■original proceeding against persons who had not been, theretofore, before the Court, and which, therefore, as an original proceeding, could not be commenced in a court, which, in relation to that matter, had only appellate jurisdiction.
 

 That the issue of a female slave, which is born after the ■commencement of an action of detinue for the mother, is embraced in the judgment which may be obtained for the mother, appears
 
 from
 
 what was held by the Court in
 
 Vines
 
 v. Brownrigg, 1 Dev. and Bat. Rep. 239. It was there decided that if, upon a judgment in detinue for slaves, the execution is satisfied by the payment of the assessed value by the defendant, and its receipt by the plaintiff, the title to the property will be transferred to the defendant by relation, to the ■time of the verdict and judgment; and the issue born of said slaves, between the rendition of the judgment and the satisfaction of the execution, will, of consequence, belong to him. And why would the issue belong to the defendant, who had i¿>aid the assessed value of the slaves to the plaintiff, who had received it instead of the slaves themselves, unless they were embraced in the judgment? This being so, if the plaintiff, instead of receiving the value of the slaves, had insisted upon his right to have the slaves, themselves, delivered under his execution, and the mother, only, had been taken by the sheriff and delivered to him, he certainly could have issued a
 
 scire facias
 
 with a view' to the enforcement, by another execution, of the residue,of his judgment. In the case now before us, the issue was born before the judgment, though after the commencement of the suit, but we cannot see how that can differ it, in principle, from the case where they are born after the judgment. In either case, the issue must be regarded as incidents to the subject-matter of the litigation, and as such, must follow their principal.
 

 In
 
 Vines
 
 v. Brownrigg, it was said by the Court, that the plaintiff, if he had not received satisfaction in the payment toi
 
 *269
 
 him, by the- defendant, of the assessed value of the- slaves, mentioned in the writ and judgment, might have sustained1 an action of detinue for the issue. No doubt that is true, but it is not sai'd bjr the Court, nor does it follow that the -plaintiff might not also have proceeded by a
 
 scire facias
 
 to recover the issue; and if there be any force- in reasoning by analogy, he had h.is choice to adopt either remedy. In
 
 Briley
 
 v. Cherry, 2 Dev. Rep. 2, the plaintiff brought detinue against a person, who had purchased a slave during the pendency of a former action of detinue, and the defendant’s counsel contended that he was not bound by the former judgment against his vendor, because the plaintiff had not issued a
 
 scire
 
 facias, whereby to gain the fruit of his former judgment, by which mode he admitted he would have- been bound. See 3 Black. Com.
 
 418.
 
 The Court did not sustain the objection, but said “ that a verdict and judgment in an action of detinue, are conclusive, between the parties and their privies. It appeared, however, that the defendant, in that suit, was a purchaser under an execution against the- defendant in the first suit, which prevented liis being a privy. Had he purchased from the defendant, in the first suit, during the pendency of-the litigation, otherwise than under execution, it •was clearly the opinion of the Court, that there was no distinction as to the binding effect of the first judgment, whether the plaintiff proceeded against the purchaser by another action of detinue, or by a
 
 scire facias.
 
 So, we think in the present case, the plaintiff had his election to bring an action of detinue in the Court below, or to issue a
 
 scire facias
 
 from this Court.
 

 In coming to this conclusion, we have not overlooked the case ‘of
 
 Houston
 
 v.
 
 Bibb, 5
 
 Jones’ Rep. 83, which was cited and relied on by the counsel fór the defendant. That was an action of
 
 replevin,
 
 instead of detinue, and the Court founded its opinion upon the express words of the Revised Statutes, ch.
 
 101,
 
 sec
 
 5,
 
 which was then in force, that the chil: dren of the female slave born during the pendency of the action, were not embraced in the recovery. Our opinion then
 
 *270
 
 is, that the plaintiff is entitled to a judgment and execution, according to his
 
 sci/re facias.
 

 Per Curiam,
 

 Judgment according to the
 
 scire facias.